### WILLIAM BLACK *versus* DANIEL HICKEY.

If objections are filed and prosecuted to the acceptance of the report of a referee, and they are overruled at *Nisi Prius*, as being insufficient to prevent the acceptance of the report, even though the allegations should be proved, and exceptions are taken to this ruling, it cannot be urged against sustaining the exceptions, that no evidence was offered to prove the alleged facts.

Where the value of a tenant's betterments was to be determined by a referee, and he considered and deducted therefrom an account which the demandant claimed was due to him from the tenant, such deduction was erroneous, the account not being a matter embraced in the submission.

ON EXCEPTIONS.

WRIT OF ENTRY. The matter controverted in this case was the amount which the tenant was entitled to, for betterments. This question was submitted, by the parties, to a referee, against the acceptance of whose report the tenant filed in writing specific objections. CUTTING, J., ordered the report to be accepted, and ruled that the matter alleged, if proved, was insufficient to authorize its rejection. The tenant excepted.

*J. Granger* argued in support of the exceptions.

*Blake & Garnsey, contra.*

The opinion of the Court was drawn up by

APPLETON, J.— On the 7th day of January, 1856, the Land Agent of this State conveyed to the plaintiff the land described in his writ, "reserving to the person now in possession, the right to compensation for the *present* value of the betterments made by him, if any, over and above a fair rent, for

the use and occupation of the premises and the amount of their depreciation, for strip and waste, during the time which said Black has been out of possession thereof, to be determined by petition in equity, by any Judge of the Supreme Judicial Court, or by referees, to be mutually selected by the parties."

At the March term, 1859, of this Court, the parties appeared and agreed to "refer the appraisement of betterments to the determination of Washington Long," who, after hearing the parties, made a report, to the acceptance of which it is objected, among other causes, that "the said referee deducted from the value of said Hickey's betterments a pretended account in favor of said Black."

The objection, thus urged, the presiding Judge overruled as insufficient, if proved by competent evidence, to prevent the acceptance of the report, and ordered the same to be accepted, to which order the defendant alleges exceptions.

It is insisted that the defendant must fail, because he furnished no proof of the facts upon which he relies. But, it would seem, that the Judge ruled the proof immaterial. It must be understood that the defendant was ready to establish the fact asserted in his motion, and that he would have done it, if, in the opinion of the presiding Justice, it would have been of any avail. The plaintiff, if he denied the existence of the alleged facts, should have contested them, if the Judge would. have permitted it, and then, if the defendant failed in his proofs, the report would have been accepted without objection.

In case of a reference, the referee is usually made judge of the law and fact, except when, by the terms of the submission, a special limitation is imposed upon his authority. The parties, by referring to him, make his law the law by which their rights are to be determined, and the facts, as he shall find them to be, the facts to which his law is to be applied. He may err in the law or in the fact, and the parties are bound by his determination, except in case of corruption, gross partiality, or evident excess of power.

Black *v.* Hickey.

In the present case, the defendant offered to show that an account, in favor of the plaintiff, was deducted from the value of the defendant's betterments. The plaintiff's deed, by its terms, was subject to the *then* present value of his betterments, from which certain deductions were to be made. But the accounts between the parties formed no part of the matters referred. The referee had no authority to adjudicate thereupon, and, if he did, it was an excess of authority.

As the referee can only act upon the subject matter referred, his action upon matters not embraced in the submission is erroneous. As to every thing included within its terms, his judgment is final.

*The exceptions, therefore, must be sustained.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.